IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 3:CR-23-149 |
| | : | |
| v. | : | |
| | : | |
| NICHOLAS DOMBEK | : | (Judge Mannion) |
| DAMIEN BOLAND | : | |
| ALFRED ATSUS, and | : | (Electronically filed) |
| JOSEPH ATSUS | : | |
| | : | |
| Defendants. | : | |

## DOMBEK'S TRIAL BRIEF

### Procedural History

On June 6, 2023, Dombek was charged in an Indictment with one count of conspiracy to commit theft of major artwork, concealment and disposal of major artwork, and interstate transportation of stolen property in violation of Title 18 U.S.C. §371, one count of theft of major artwork, and nine counts of concealment and disposal of major artwork, in violation of Title 18 U.S.C. § 668, and one count of interstate transportation of stolen property in violation of Title 18 U.S.C. §2314.

Dombek appeared before Magistrate Judge Karoline Mehalchick on January 2, 2024, for an arraignment at which time he entered a plea of not guilty to the charges.

Trial is scheduled to commence on January 13, 2025

**Statement of Facts**

The Indictment alleges a conspiracy to commit theft of major artwork, concealment of major art work, and interstate transportation of stolen property spanning from August 1999 to September of 2019. The Conspiracy Count alleges 158 overt acts in furtherance of the conspiracy each of which is claimed to be related to 20 burglarized locations which are also stated in the Conspiracy Count.

The discovery provided to Dombek, on the other hand, covers a vast expanse of criminality ranging from Dombek and Trotta stealing candy from a Texaco Gas Station when they were kids, to theft from payphones\ATMs, vehicle arsons, residential explosions, manufacturing of pipe bombs, and an almost countless number of residential burglaries. Particularly troubling to Dombek are allegations that Dombek is claimed to have discussed the possibility of giving an individual fentanyl, or Hellbore/Mandrake, and that Dombek was a fugitive for a time before turning himself in on the instant charges.

Dombek submits that evidence of the type alluded to in the previous paragraph is not relevant to the charges contained in the Indictment and should not be admitted.

Dombek also has several criminal convictions that he submits should not be admitted at trial.

On March 26, 2002, Dombek was arrested with Thomas Trotta for attempting to steal a John Deer Hydraulic Breaker from a skid steer at Lehman Power Equipment Company in Lehman Township, Luzerne County, Pennsylvania. Dombek was charged with Defiant Trespass in violation of 18 Pa. C.S.A. § 3503 and Criminal Attempt, Theft by Unlawful Taking in violation of 18 Pa. C.S.A. §§ 901 and 3902. The charges were indexed to Luzerne Court of Common Pleas No. 2130-CR-2002. On December 4, 2002, Dombek pled guilty to Defiant Trespass, (M-3), and Criminal Attempt, Theft by unlawful taking, (F-3). On February 21, 2003, Dombek was sentenced to 1 year probation on the Defiant Trespass charge and 2 years probation on the Attempted Theft charge.

On August 29, 2019, Dombek was arrested for burglarizing the "Cusick Residence", at 1710 Aberdeen Rd, Madison Township, Lackawanna County. Pennsylvania, in violation of 18 Pa. C.S.A. §3502. The charge was indexed as Lackawanna Court of Common Pleas No. 350-CR-2020.

On September 11, 2019, Dombek was arrested for intimidating witnesses, Thomas Trotta, Dawn Trotta, and Daryl Rinker, in violation of 18 Pa. C.S.A. §4952. The charge was indexed as Lackawanna Court of Common Pleas No. 2391-CR-2019.

On August 15, 2022, Dombek pled no contest to the "Cusick Residence" burglary, (F-1), and the intimidation of witness charge, (F-3). He received a

sentence of 12 to 24 months on the burglary and 3 to 6 months on the intimidation charge and was immediately released without any supervision.

## Argument

**1. Evidence of other crimes, wrongs, or bad acts, should not be admissible against Dombek at trial.**

Dombek submits that evidence of other crimes, wrongs or bad acts may be admissible if it qualifies as "intrinsic evidence". The Court of Appeals for the Third Circuit has reserved the intrinsic label for two narrow categories of evidence. First, evidence is intrinsic if it directly proves the charged offense. Second, uncharged acts performed contemporaneously with the charged crime may be termed intrinsic if they facilitate the commission of the charged crime. United States v. Green, 617 F.3d 233, 248-249 (3rd Cir. 2010).

Dombek submits that evidence that he pled no contest to the burglary at the Cusick Residence and intimidation of witnesses are not intrinsic to the charges. They are not referenced as overt acts, they do not prove the charged offenses, and they did not facilitate the commission of the charged crime. The same holds true

with respect to Dombek's 2003 theft conviction in Luzerne County, and other alleged bad acts, to wit, drugging/poisoning a possible witness, becoming a fugitive during the pendency of the case, and committing unrelated residential and commercial burglaries and thefts.

Dombek submits that as extrinsic evidence, the admissibility such evidence is governed by Rules 404(b).  See, United States v. Sampson, 980 F.2d 883 (3rd. Cir. 1992).  Rule 404(b) provides:

> (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> (2) Permitted Uses; Notice in a Criminal Case.  This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.  On request by a defendant in a criminal case, the prosecutor must:
>
> (A) provide reasonable notice of the general nature of such evidence that the prosecutor intends to offer at trial; and
> (B) do so before trial - or during trial if the court, for good cause, excuses lack of pretrial notice.
>
> Fed. R. Evid. 404(b).

Here, the Government has never given Dombek notice of its intended use of such evidence.  Further, Dombek submits, the anticipated type of evidence of other

crimes, wrongs, or acts would not be admissible under Federal Rule of Evidence 404(b) as it has no proper purpose under that rule. See, United States v. Sampson, 980 F.2d 883 (3rd Cir. 1992).

Finally, whether or not such evidence is deemed intrinsic or extrinsic, Dombek submits that the probative value, if any, of such evidence, especially the nature and type of Dombek's convictions, to wit, felony theft, burglary, and intimidation of witnesses, are substantially outweighed by the danger of unfair prejudice and should be excluded under Fed. R. Evid. 403.

Accordingly, Dombek respectfully submits that the Court should not permit the use of any uncharged bad act evidence. However, if this Court were to admit the challenged evidence, Dombek hereby would request that the Court instruct the jury pursuant to § 4.29 of the Model Criminal Jury Instructions - Third Circuit, (Defendant's Prior Bad Acts or Crimes. F.R.E 404(b)). See, Huddleson v. United States, 485 U.S. 681, 691-692, 108 S.Ct. 1496, 1502 (1988), United States v. Lee, 612 F.3d 170 (3rd Cir. 2010).

### 1. The Case Agents Overview Testimony should limited.

Dombek anticipates that the Government will attempt to use one, or several, of its case agents to provide overview testimony.

The use of overview testimony has long been recognized as problematic. United States v. Moore, 651 F.3d 30 (D.C. Cir. 2011)  For instance, some of the testimony relied on during the initial overview may never materialize at trial, impermissible vouching can be a problem with overview testimony, and if overview testimony relates to testimonial statements of witnesses who fail to testify the confrontation clause can be violated.  United States v. Lacerda, 958 F.3d 196 (3rd Cir. 2020).  For these reasons the Third Circuit joined other circuits in holding that overview testimony that opines on ultimate issues of guilt, makes assertions of fact outside of the case agents personal knowledge, or delves into aspects of the investigation in which he did not participate is inadmissible.  Id. at 208.

Dombek submits that the case agents should not be able to state a lay opinion which interprets the conversations set forth in emails, texts, or intercepted and prison recordings.  Generally, within the bounds of Lacerda, with the proper foundation, a case agent my offer lay opinion testimony about matters within his

personal knowledge.  Id.  See, United States v. Jackson, 849 F.3d 540 (3rd Cir. 2017)   But where, as in this case, the interpretation of clear conversations is not helpful to the jury such lay opinions are inadmissible.  Id. at 553-554   A case agent's testimony may not simply dress up argument as evidence, "testimony may be so characterized when a witness infers the defendant's roles not from any direct knowledge but from the same circumstantial evidence that was before the jury."  Id.

However, should the Court permit law enforcement to state an opinion on any matter Dombek requests the Court to give a cautionary instruction pursuant to 2.09  Opinion Evidence (expert witness); Model Criminal Jury Instructions - Third Circuit.

## Conclusion

Based upon the foregoing, the Defendant, Nicholas Dombek, respectfully submits that this Honorable Court should find according to the arguments submitted herein in the forthcoming jury trial.

Respectfully submitted,

Date: January 8, 2025         s/Gino Bartolai, Esquire
**Gino Bartolai, Esquire**
**Attorney ID# PA 56642**

238 William Street
Pittston, Pennsylvania 18640
(570) 498-1135
E-mail: gbartolai@outlook.com
Attorney for Nicholas Dombek

# CERTIFICATE OF SERVICE

I, Gino Bartolai, Esquire, do hereby certify that I electronically served, via e-mail, a copy of the foregoing **Dombek's Trial Brief,** to the following

    James Buchanan, Esquire
    Assistant United States Attorney

    Patrick A. Casey, Esquire
    Attorney for Joseph Atsus

    Matthew L. Clemente, Esquire
    Attorney for Damien Boland

    Jason J. Mattioli, Esquire
    Attorney for Alfred Atsus

and by placing the same in the United States mail, first class, postage prepaid, at Scranton, Pennsylvania, addressed to the following:

    Nicholas Dombek

Date: January 8, 2025

    s/Gino Bartolai
    **Gino Bartolai, Esquire**