## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CR. NO. 3:23-CR-149 |
| v. | : | (JUDGE MANNION) |
| DAMIEN BOLAND. | : | |
| | : | |
| Defendant. | | |

### MEMORANDUM

This matter comes before this Court on Non-Party CBS Broadcasting Inc.'s ("CBS") motion for reconsideration and/or clarification of this Court's January 6, 2024 ruling regarding CBS's motion to quash and Defendant Damien Boland's motion to compel. (Doc. 234). In that ruling, the Court ordered CBS to produce Defendant Boland's requested materials to this Court for *in camera* review. (Doc. 229). Defendant Boland's motion to compel was granted in part subject to the condition that his request complies with Rule 17(c) of the Federal Rules of Criminal Procedure which will be determined at trial. (*Id.*). CBS now returns to this Court in search of an order reconsidering or clarifying that ruling and two other aspects of this Court's decision. For the reasons set forth below, CBS's motion will be **DENIED in part.**

## I.    Background

The factual and procedural backgrounds of the matter have been outlined in the previous memorandum (Doc. 228) and are incorporated herein by reference.

## II.    Legal Standard

The legal standards that govern motions to reconsider are both clear, and clearly compelling. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Typically, such a motion should only be granted in three, narrowly defined circumstances: where there is either "(1) [an] intervening change in controlling law, (2) availability of new evidence not previously available, or (3) need to correct a clear error of law or prevent manifest injustice." *Dodge v. Susquehanna Univ.*, 796 F.Supp. 829, 830 (M.D. Pa. 1992). As the United States Court of Appeals for the Third Circuit has aptly observed:

> "The purpose of a motion for reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café*, 176 F.3d at 677 (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the

- 2 -

availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (citation omitted).

*Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc.*, 602 F.3d 237, 251 (3d Cir. 2010).

Thus, it is well settled that a mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a ruling. *Dodge*, 796 F.Supp. at 830. Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus., Inc.*, 884 F.Supp. 937, 943 (E.D. Pa. 1995). Moreover, it is evident that a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. *Dodge*, 796 F.Supp. at 830. Rather, such a motion is appropriate only where the court has misunderstood a party or where there has been a significant change in law or facts since the court originally ruled on that issue. *See Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983).

III.  **Discussion**

In the instant case, CBS does not argue that there has been an intervening change in the law which compels a different outcome here. Nor does CBS offer new evidence to support its claims. Rather, CBS appears to be using this motion to reconsider this Court's ruling to relitigate issues previously addressed. As explained above, a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. *Dodge*, 796 F.Supp. at 830. Thus, to the extent CBS urges this Court to revisit ruled on claims, the Court declines to do so. However, to the extent CBS urges this Court to provide clarification regarding certain aspects of its ruling, the Court will do so here.

**A. Reporter's Privilege and Trotta's Testimony**

CBS argues that "the Court's blanket ruling that Boland has met his burden to overcome CBS News's reporter's privilege is premature and erroneous in two respects: First, like the determination of whether Boland's subpoena complies with Rule 17, the determination of whether he can overcome the privilege must be made *after* Trotta testifies at trial. Second, any production of unpublished recordings of Jon Wertheim's interview with Trotta only can be compelled with respect to the particular portions of the recordings, if any, for which Boland has met his burden of showing, at trial,

that the privilege has been overcome and that specific statements are crucial to his defense." (Doc. 234-1, pp. 2-3) (emphasis in original). Specifically, CBS argues that given the precedent applicable to this matter (*Riley v. City of Chester*, 612 F.2d 708 (3d Cir. 1979), *United States v. Criden*, 633 F.2d 346 (3d Cir. 1980), *United States v. Cuthbertson*, 630 F.2d 139 (3d Cir. 1980) ("*Cuthbertson I*"), and *United States v. Cuthbertson*, 651 F.2d 189 (3d Cir. 1981) ("*Cuthbertson II*")), "'the evidentiary potential' of newsgathering material 'will arise only when the witnesses testify' ... [and the] Court is not in a position to decide whether Boland has overcome the reporter's privilege with respect to any specific aspect of the interviews or what material is 'crucial' to his defense until *after* Trotta testifies." (Doc. 234-1, p. 5) (quoting *Cuthbertson II*, 651 F.2d at 196 and citing *Riley*, 612 F.2d at 717). The Court disagrees.

To the extent CBS is arguing that the precedent in this matter stand for the proposition that there is a general timing requirement for when a court can consider the qualified reporter's privilege and balance a defendant's need for the material sought against the interest of the journalist in preventing production, the Court disagrees. As explained in this Court's memorandum and understood in the *Riley-Criden-Cuthbertson* trilogy, a court must perform the three-prong *Riley* inquiry and conduct a "delicate balancing" of the

- 5 -

interests involved, in which the materiality, relevance and necessity of the information sought must be demonstrated. *See Riley*, 612 F.2d at 717. No timing requirement is mandated. Furthermore, the Court's determination—that "the Defendant has met all the *Riley* factors, and therefore, CBS's reporter's privilege to guard against producing those portions of Trotta's interview contained in any recorded conversations and unpublished video recordings is superseded by the countervailing interests in this particular case"—is made as a preliminary finding at this stage of the proceeding to warrant *in camera* review; it is **not** a finding to compel production to Defendant Boland. In *Cuthbertson I*, the Third Circuit agreed with CBS that a sufficient showing to justify production of privileged material to the court for *in camera review* is required. 630 F.2d at 148-149. Thus, a threshold showing was required and met by Defendant Boland. The very Supreme Court case from which *Riley* adopted its three-prong inquiry, *New York Times Co. v. Jascalevich*, stated that "[g]iven the likelihood that forced disclosure even for *in camera* review will inhibit the reporter's and newspaper's exercise of First Amendment rights [the Court] believe[s] that some threshold showing of materiality, relevance, and necessity should be required." 439 U.S. 1331, 1335 (1978). This threshold showing has been satisfied by Defendant Boland. An ultimate finding may not be made until after Trotta's testimony, if

- 6 -

it occurs, and will depend on whether any of his statements to reporter Jon Wertheim "ripen into evidentiary material for purposes of impeachment," that such materials are not merely cumulative but substantively distinctive from other material possessed by Defendant Boland, and, thus, necessary to the defense. The Court cannot make an ultimate finding on privilege at this stage of the proceeding, neither has it done so.[1]

CBS next argues that whether Boland has met his burden must be assessed for each statement on the unpublished recordings that may be produced. The Court agrees. Again, at this time, no production to Defendant Boland has been compelled. No statements have been reviewed. No ultimate findings have been made.

### B. Request for a Second Hearing

CBS requests to be heard again after Trotta testifies. This request is denied. CBS has already been given an opportunity to be heard. CBS has made its motion to the Court and the Court has made its ruling. The Court will not allow CBS to conduct its own minitrial during trial.

---

[1] CBS has not been "preemptively … deprived of its right to assert the reporter's privilege over its newsgathering material at trial[.]" (Doc. 234-1, p. 5). CBS has already asserted its privilege, filed briefs in support of it and been heard on oral arguments about it. There is no need to re-assert it.

- 7 -

### C. Recordings of Interviews with Trotta's Attorney and Subpoena to Mr. Wertheim.

Lastly, CBS raises other aspects that it requires clarification. First, CBS asks whether the Order requires CBS to provide the Court a copy of recordings of interviews with Jospeh D'Andrea, Trotta's attorney. The Order does not. Defendant Boland has not made a preliminary showing requiring production of such recordings for *in camera* review. Second, CBS asks this Court to make clear that any ruling it makes in this case applies only to CBS and not to reporter Jon Wertheim, in his individual capacity, given that Defendant Boland has withdrawn the subpoena to Mr. Wertheim. The Court agrees to the extent that material is the property of Mr. Wertheim and not the property of CBS. To the extent this was not understood by CBS and Mr. Wertheim, the court notes such clarification.

### IV.    Conclusion

Based on the foregoing, CBS's motion for reconsideration (Doc. 234) will be **DENIED in part** as noted above.  An appropriate order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: January 13, 2025**
23-149-06

- 8 -